UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HAE SUN KANG, | |
| Plaintiff, | |
| v. | No. 24 CV 3391 |
| TRAVCO INSURANCE CO., | Judge Thomas M. Durkin |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Hae Sun Kang brings this insurance coverage action against Travco Insurance Co., alleging breach of contract and violation of the Illinois Insurance Code, 215 ILCS 5/155 *et seq*. Before the Court is Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 20. For the following reasons, that motion is granted.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020). A complaint must provide "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required, the complaint must provide the defendant with "fair notice" of the claim and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

1

"Facial plausibility exists when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Thomas v. Neenah Joint Sch. Dist.*, 74 F.4th 521, 523 (7th Cir. 2023) (citations omitted). In deciding a motion to dismiss, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *See Hernandez v. Ill. Inst. of Tech.*, 63 F.4th 661, 666 (7th Cir. 2023).

## Background

Plaintiff owns a three-level, multifamily residence in Chicago (the "Residence"). R. 18 ¶ 1. Defendant issued a homeowners insurance policy for the Residence effective July 24, 2021 through July 24, 2022 (the "Policy"). *Id.* ¶ 32. On January 20, 2022, a pipe on the third level froze and burst, causing water to flow from the third level downward. *Id.* ¶¶ 8–10.

On January 21, 2022, Plaintiff submitted a claim with Defendant. *Id.* ¶ 11. Defendant assigned Lisa Frieders to the claim. *Id.* ¶ 13. Between January 21, 2022 and February 10, 2022, Plaintiff communicated with Frieders, provided her with information and documents she requested, and Frieders conducted a "virtual inspection." *Id.* ¶¶ 14–18. Defendant then assigned Zoe Harvey-Ellis to investigate the claim. *Id.* ¶ 19. Between March 2, 2022 and July 19, 2022, Plaintiff communicated with and provided requested information to Harvey-Ellis. *Id.* ¶¶ 20–22.

After not receiving updates on the claim, Plaintiff retained counsel to communicate with Defendant about the claim. *Id.* ¶ 23. On July 19, 2022, Plaintiff's counsel emailed Harvey-Ellis recapping all the information that had been provided

2

and claimed all the responsive information was provided as proof of loss. *Id.* ¶ 24. Harvey-Ellis responded on July 21, 2022, denying Defendant received any responsive information and renewed her request for certain documents and information. *Id.* ¶ 25. On August 18, 2022, Plaintiff's counsel emailed Harvey-Ellis all the responsive documents in Plaintiff's possession; lease agreements; invoices for water, sewer, gas and electric; and detailed answers to questions previously posed by Harvey-Ellis. *Id.* ¶ 26. In a letter dated December 5, 2022, Defendant denied the claim in full, because the heat was not maintained and the water not drained. *Id.* ¶ 28.

> The Policy contained the following provisions:
>
> **Duties After Loss.** In case of a loss to covered property, we have no duty to provide coverage under this policy if the following duties are not performed. These duties must be performed either by you, an "insured" seeking coverage or a representative of either . . .
>
> h. Send to us, within 60 days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
>
>> (1) The time and cause of loss;
>> (2) The interest of all "insured" and all others in the property involved and all liens on the property;
>> (3) Other insurance which may cover the loss;
>> (4) Changes in title or occupancy of the property during the terms of the policy;
>> (5) Specifications of damaged buildings and detailed repair estimates;
>> (6) The inventory of damaged personal property described in 2.f.;
>> (7) Receipts for additional living expenses incurred and records that support the fair rental value loss; and
>> (8) Evidence or affidavit that supports a claim under Property – Additional Coverage 7. Credit Card, Electronic Fund Transfer Card or Access Device, Forged and Counterfeit Money, stating the amount and cause of loss.
>
> * * *
>
> **Suit Against Us.** No action can be brought against us unless there has been full compliance with all of the terms under the Property Coverage

3

> Section of this policy and the action is started within two years after the date of loss. This two year period is extended by the number of days between the date proof of loss is submitted and the date the claim is denied in whole or in part.

R. 18-1 at 31, 55 (hereinafter respectively referred to as "Duties Provision" and "Suit Provision").

Plaintiff alleges she provided information and documents for proof of loss, but that Defendant never requested a signed or sworn proof of loss. R. 18 at ¶¶ 29–30, 45. Plaintiff filed this lawsuit on April 26, 2024. R. 1.[1]

## Discussion

Defendant contends Plaintiff's complaint is time-barred by the Suit Provision's two-year limitations period. If the alleged loss occurred on January 20, 2022, Defendant argues, this case should have been filed by January 20, 2024. Plaintiff responds that her complaint was timely filed on April 26, 2024. She contends that the deadline was tolled for 109 days between August 18, 2022, when Plaintiff's counsel last emailed Harvey-Ellis, and December 5, 2022, when the claim was denied. Plaintiff filed this case within 109 days of January 20, 2024.

Compliance with a suit limitations provision within a policy is a condition precedent to recovery under the policy. *Cramer v. Ins. Exch. Agency*, 174 Ill.2d 512, 530, 675 N.E.2d 897 (1996). Here, the Suit Provision states that an action must be brought within two years after the date of loss, but that this period "is extended by the number of days between the date proof of loss is submitted and the date the claim

---

[1] Plaintiff filed an amended complaint on July 19, 2024. R. 18.

4

is denied in whole or in part." R. 18-1 at 55. The parties dispute the interpretation of "proof of loss" used in this provision. Defendant contends the proof of loss must be signed and sworn, while Plaintiff contends there is no such requirement because the provision does not refer to a "sworn" proof of loss.

Interpreting an insurance policy is a question of law. *Sanders v. Ill. Union Ins. Co.*, 2019 IL 124565, ¶ 22, 157 N.E.3d 463. In construing a policy, the Court's "goal is to ascertain and give effect to intentions of parties as expressed in the policy language." *Citizens Ins. Co. of Am. v. Wynndalco Enters., LLC*, 70 F.4th 987, 995 (7th Cir. 2023) (applying Illinois law). To ascertain the meaning of the policy's words and the intent of the parties, and to determine whether any ambiguities exist, the court must construe the policy as a whole, rather than isolated parts. *Founders Ins. Co. v. Muñoz*, 237 Ill.2d 424, 433, 930 N.E.2d 999 (2010). Clear and unambiguous policy language is applied as written, and a term is not ambiguous merely because the parties disagree on its interpretation. *Rich v. Principal Life Ins. Co.*, 226 Ill.2d 359, 372, 875 N.E.2d 1082 (2007). And the fact that a term is undefined does not render it ambiguous. *Nicor, Inc. v. Associated Elec. & Gas Ins. Servs. Ltd.*, 223 Ill.2d 407, 417, 860 N.E.2d 280 (2006). "Rather, ambiguity exists only if the term is susceptible to more than one reasonable interpretation." *Id*. A court will consider only reasonable interpretations of policy language and will not strain to find an ambiguity. *Rich*, 226 Ill.2d at 372.

Although the Policy does not explicitly define "proof of loss," in viewing the Policy as a whole, the Court concludes that that there is only one reasonable

5

interpretation of that term. The Suit Provision extends the limitations period "by the number of days between the date proof of loss is submitted and the date the claim is denied." The submission of proof of loss is described in the Duties Provision. Specifically, the insured must submit a "signed, sworn proof of loss" that includes various pieces of information. There is no other language in the Policy defining proof of loss in more general terms. Accordingly, "proof of loss" in the Suit Provision refers to the signed, sworn proof of loss described in the Duties Provision.

Here, Plaintiff alleges that she provided Defendant with information and documents for proof of loss, but that Defendant never requested she submit a signed or sworn proof of loss. From these allegations, the Court reasonably infers that Plaintiff did not submit a signed, sworn proof of loss. This does not trigger the Suit Provision's tolling mechanism, so she had to file suit by January 20, 2024.

Plaintiff contends that if Defendant wished for the proof of loss referenced in the Suit Provision to be signed and sworn, it could have easily added that language. Maybe so. But the Court must view an insurance policy as a whole, not its individual parts, to give full effect to each term and word. *See Selective Ins. Co. of South Carolina v. Target Corp.*, 845 F.3d 263, 267 (7th Cir. 2016). Where there is no ambiguity, that settles the dispute. *See Bourke v. Dun & Bradstreet Corp.*, 159 F.3d 1032, 1036 (7th Cir. 1998); *Krause v. GE Cap. Mortg. Serv., Inc.*, 314 Ill.App.3d 376, 386, 731 N.E.2d 302 (2000) ("[C]ourts resort to tools of contract construction when the terms of the contract are ambiguous."). The Court finds there is no ambiguity, and that reading

"proof of loss" in the Suit Provision as referring to the signed, sworn proof of loss described in the Duties Provision gives full effect to the term.

Plaintiff further points out that the Duties Provision only requires the submission of a signed, sworn proof of loss only "after [Defendant's] request." R. 25 at 5. In Plaintiff's view, because Defendant did not request a signed, sworn proof of loss, she was not obligated to satisfy this condition. Instead, Plaintiff, citing *McDonald v. American Family Mutual Insurance Co.*, 251 Ill.App.3d 354, 622 N.E.2d 63 (1993), contends the tolling provision was triggered when she complied in good faith with the proof-of-loss requirement by furnishing Defendant with the information and documentation requested by Frieders and Harvey-Ellis. In *McDonald*, the insured submitted several estimates of storm damage to their home and the insurer did not request a proof of loss before denying the claim. *Id.* at 355–56. Because the estimates sufficiently "apprised the insurer of the nature and amount of the claim" and the policy did not require a particular form, the court found the policy's tolling provision applied. *Id.* at 356–57.

Here, Plaintiff alleges facts which plausibly suggest she provided sufficient information to apprise Defendant of the nature, but not the amount, of the claim.

And although the policy in *McDonald* contained substantially the same language at issue here, the Court is unpersuaded by the *McDonald* court's reasoning that plaintiff submitted a good faith proof of loss because the policy did not require a particular form. "It is possible for the filing of information with an insurance company to constitute a proof of loss and to start the tolling period, if the policy does not require

7

a particular form of proof of loss." *Hines v. Allstate Ins. Co.*, 298 Ill.App.3d 585, 589, 698 N.E.2d 1120 (1998). The Suit Provision states that the two-year limitations is tolled from "the date proof of loss is submitted." As explained above, the form of the proof of loss required is set forth in the Policy, under the Duties Provision, which requires a signed, sworn proof of loss with the enumerated categories of information. *See Trinity Bible Baptist Church v. Fed. Kemper Ins. Co.*, 219 Ill.App.3d 156, 160, 578 N.E.2d 1375 (1991) ("Whether or not the request was made [ ] is irrelevant to the form which the proof is to take."); *Vole v. Atlanta Int'l Ins. Co.*, 172 Ill.App.3d 480, 482–83, 526 N.E.2d 653 (1988) (concluding that the policy clearly required the insured to file a sworn proof of loss statement and that the submission of other documents did not commence the tolling period); *Galloway v. W. Bend Ins. Co.*, No. 3:23-cv-50217, 2024 WL 1579397, at *2 (N.D. Ill. Apr. 11, 2024) (the requirements for proof of loss was defined in the "Duties After Loss" section and the lack of an insurer's request to submit a sworn proof of loss does not change the suit limitations provision); *Weyers v. Travelers Pers. Ins. Co.*, No. 14-cv-5070, 2015 WL 8330254, at *3 (N.D. Ill. Dec. 8, 2015) (there is no tolling when the proof of loss is not submitted in the form required by the policy). Indeed, the facts alleged suggest that Plaintiff did not submit such a proof of loss.

Alternatively, Plaintiff argues Defendant waived the proof of loss requirement when it denied Plaintiff's claim without a signed, sworn proof of loss. It is true that "[w]hen an insurer denies liability for a loss claimed to be covered under the policy on grounds other than the insured's failure to file a proof of loss, the insurer waives

compliance with the proof-of-loss requirement." *Mathis v. Lumbermen's Mut. Cas. Ins. Co.*, 354 Ill.App.3d 854, 857, 822 N.E.2d 543 (2004). However, waiving the proof-of-loss requirement does not mean the suit limitations period is also waived. *Id.* at 858 (after finding the insurer waived compliance with the proof-of-loss requirement, considering whether the insurer also waived the limitations provision); *see also LaMonica Family Ltd. P'ship, LLC v. W. Bend Mut. Ins. Co.*, No. 3:23-cv-50258, 2024 WL 1376071, at *2 (N.D. Ill. Apr. 1, 2024) ("[E]ven if West Bend waived the proof-of-loss requirement . . . [that does not] answer whether West Bend waived the time limit to bring suit.").

"A limitation period is enforceable . . . unless the insurer because of its conduct waives or is estopped from relying on the bar." *Florsheim v. Travelers Indem. Co. of Ill.*, 75 Ill.App.3d 298, 304, 393 N.E.2d 1223 (1979). A plaintiff may demonstrate waiver of a suit limitations provision by alleging facts "from which it would appear that enforcement of the provision would be unjust or unconscionable, as where the insurer dissuades the insured from filing suit by implying that it will settle the case." *Vill. of Lake in the Hills v. Ill. Emcasco Ins. Co.*, 153 Ill.App.3d 815, 817, 506 N.E.2d 681 (1987) (citations omitted). "An insurer will be estopped from raising a limitations defense where its actions during negotiations are such as to lull the insured into a false sense of security, thereby causing him to delay the assertion of his rights." *Mitchell v. State Farm Fire & Cas. Co.*, 343 Ill.App.3d 281, 285–86, 796 N.E.2d 617 (2003) (citation omitted).

9

Plaintiff's alleged facts, taken as true, do not plausibly suggest that Defendant induced Plaintiff to delay filing suit or that Defendant would not rely on the Suit Provision. Plaintiff and her attorney communicated with Defendant's agents and provided them the information they requested, but there is no indication that during these communications Defendant lulled Plaintiff into believing Defendant was forgoing the suit limitations period. Plaintiff also does not allege that any settlement discussions took place or that Defendant's conduct dissuaded her from filing suit. Indeed, Defendant denied the claim on December 5, 2022, leaving Plaintiff, who at that time had retained and was represented by an attorney, with thirteen months to sue. *See Florsheim*, 75 Ill.App.3d at 304–05 (no waiver or estoppel where the insurer left ample time after the denial for plaintiff to file suit).

## Conclusion

For the foregoing reasons, Defendant's motion to dismiss, R. 20, is granted. Plaintiff's complaint is dismissed without prejudice. Plaintiff has until April 24, 2025 to amend and allege facts that show her claims are not time-barred under the analysis of this order. If no amended complaint is filed, the dismissal will convert to a dismissal with prejudice.

ENTERED:

Honorable Thomas M. Durkin
United States District Judge

Dated: April 3, 2025

10